TRAVELERS INSURANCE COMPANY v. GORMAN Z. KEITH
AND NORFOLK SOUTHERN RAILWAY COMPANY

No. 7210DC463

(Filed 2 August 1972)

Insurance § 29— proceeds paid into court for medical bills incurred by employee — error in awarding proceeds to employer

Evidence that defendant employee's medical expenses were paid from funds belonging to him from his attorney's trust account, such funds having come originally from defendant employer, was insufficient upon which to base a finding that the employer paid or was obligated to pay employee's medical bills incurred as a result of injuries sustained by the employee while on duty for employer; hence, the trial court erred in awarding payment to employer in an interpleader action where plaintiff insurance company paid proceeds into court.

APPEAL by defendant, Gorman Z. Keith, from *Preston, District Judge,* 13 December 1971 Session of District Court held in WAKE County.

This is an interpleader action under the provisions of Rule 22 of the North Carolina Rules of Civil Procedure wherein the plaintiff Travelers Insurance Company (insurer) paid into the Court the sum of $3,584.25, asking the Court to determine the respective rights of the defendant Gorman Z. Keith (employee) and the defendant Norfolk Southern Railway (employer) to the said funds under the terms of a group insurance accident policy issued by plaintiff covering the employees of the defendant railroad.

The following facts are not controverted: On 25 July 1966 the defendant employee suffered injuries and incurred medical expenses as a result of an accident while on duty for the defendant railroad company. At the time of the accident, the employee was covered by a group accident insurance policy issued by plaintiff to defendant employer who paid all the premiums. Pursuant to the terms of the policy plaintiff was obligated to pay $3,584.25 on the employee's medical expenses; but since each defendant claimed the insurance benefits, the plaintiff paid the amount of its obligation into Court. Prior to the filing of this interpleader action, the defendant employee instituted a civil action under the provisions of the Federal Employers Liability Act against defendant employer and recovered a judgment in the amount of $33,240.00. The defendant railroad company paid

the principal and interest on said judgment in August, 1970. All of the employee's medical expenses were proven as items of damage in the civil action against the defendant railroad company. After the employer paid the judgment, all these medical expenses were paid on behalf of the employee from his attorney's trust account.

After a trial without a jury, the judge made findings and conclusions which included the following:

"The medical expenses represented by the sum of $3,584.25 involved in this action were expenses paid by Norfolk Southern Railway Company and which Norfolk Southern Railway Company was obligated to pay."

From a judgment declaring that the defendant employer was entitled to recover from plaintiff the sum of $3,584.25 and that the defendant employee recover nothing, the defendant Keith appealed.

*R. Mayne Albright for defendant appellant (Gorman Z. Keith).*

*Young, Moore & Henderson by Charles H. Young, J. Clark Brewer, and B. T. Henderson II, for defendant appellee (Norfolk Southern Railway Company).*

HEDRICK, Judge.

Appellee's motion to dismiss the appeal for failure of appellant to comply with the Rules of Practice in this Court is denied. In order that we may review the case on its merits, we consider the appeal as a petition for writ of certiorari and allow the same.

At the trial in the District Court the crucial question was who paid or who was obligated to pay the employee's medical expenses incurred for the treatment of his injuries resulting from the accident on 25 July 1966. The trial judge's resolution of this question is embodied in his finding and conclusion that: "The medical expenses . . . were expenses paid by Norfolk Southern Railway Company and which Norfolk Southern Railway Company was obligated to pay."

The crucial question on appeal is whether this finding and conclusion is supported by the evidence. The pertinent portion of the insurance policy is as follows:

> "All benefits provided under this Article are payable to or on behalf of the employee, provided that benefits based on expenses paid by the employer or other person or organization (or which an employer shall be obligated to pay) may be paid by the Insurer to such employer or other person or organization."

The employee contends there is no evidence in the record that his employer paid or was obligated to pay his medical expenses. We agree.

The uncontroverted facts clearly establish that the medical expenses were paid from funds belonging to the employee from his attorney's trust account. We think it immaterial and of no legal significance to this case that the funds used to pay the medical expenses might have come originally from the employer. There is nothing in this record to indicate that the employer was obligated to pay the medical expenses or voluntarily made any payments whatsoever to the employee until compelled to do so by virtue of the judgment in the Superior Court. The fact that G.S. 44-50 created a lien on the funds recovered by the employee from the employer to secure the payment of the medical expenses, likewise is not sufficient to support a finding that the employer paid or was obligated to pay the expenses. All of this is made clear when we consider that the employee might have realized nothing from his suit against the employer, in which case the employer would not have been obligated to pay anything to the employee. We hold the trial judge committed prejudicial error in finding and concluding that the employer paid or was obligated to pay the employee's medical expenses. For the reasons stated the defendant Keith is entitled to a new trial.

New trial.

Judges BROCK and MORRIS concur.